UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL C. MITCHELL, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13023** |
| **JEFFERSON PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Daniel C. Mitchell, III, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he claimed that excessive force was used to effect his arrest.[1]

On January 29, 2020, and March 30, 2020, mail sent by the Court to plaintiff at the Jefferson Parish Correctional Center, his address of record, was returned as undeliverable because he was no longer incarcerated at that facility.[2] On April 1, 2020, the undersigned United States Magistrate Judge then issued an Order directing plaintiff to notify the Court of his current address on or before May 15, 2020, and warned him that his failure to do so could result in this matter being dismissed for failure to prosecute. That Order was sent to plaintiff both at his address of record and at an alternate address he listed on the complaint.[3] To date, plaintiff has not notified the Court of his current address.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included

---

[1] Rec. Doc. 4. Plaintiff also listed Ashley Ann Cinquemano as a plaintiff on the complaint. However, because Cinquemano did not sign the complaint and neither paid the filing fee nor requested leave to proceed as a pauper, she is not considered to be a plaintiff herein.
[2] Rec. Docs. 8 and 14.
[3] Rec. Doc. 15.

the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. As noted, more than thirty-five days ago, mail sent to plaintiff at the Jefferson Parish Correctional Center, his address of record, was returned by the United States Postal Service as undeliverable.[5]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to provide the

---

[4] Rec. Doc. 4-1, p. 6.
[5] Rec. Docs. 8 and 14.

Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him in order to schedule a preliminary conference or to otherwise advance his case on the docket. Accordingly, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of June, 2020.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

_____
**CLERK TO SERVE PLAINTIFF BOTH AT**
**HIS ADDRESS OF RECORD AND AT THE**
**FOLLOWING ALTERNATE ADDRESS:**

**Daniel C. Mitchell, III, 2626 Ridgefield Drive, Metairie, LA 70003**